# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **BROOKE MARCOTTE** ) | |
|      *Plaintiff* ) | |
| v. ) | Case No.: |
| ) | |
| **NEXSTAR BROADCASTING, INC.** ) | |
| *Serve Registered Agent:* ) | |
|   CSC-Lawyers Incorporating ) | **JURY TRIAL DEMANDED** |
|   Service Company ) | |
|   221 Bolivar Street ) | |
|   Jefferson City, MO 65101 ) | |
|      *Defendant* ) | |

## COMPLAINT

COMES NOW Plaintiff Brooke Marcotte, by and through counsel, to allege the following in support of her *Complaint* against Defendant Nexstar Broadcasting, Inc.:

1. This is a civil case involving an employer who discriminated against an employee and/or applicant for employment in violation of 42 U.S.C. § 1981, which guarantees that all persons in the United States have equal rights to make and enforce contracts, including employment relationships, without regard to their race, ethnicity, or heritage.

2. Defendant **NEXSTAR BROADCASTING, INC**. ("Nexstar") owns and operates WDAF-TV, Fox-4 KC ("Fox 4"), which broadcasts to the Kansas City metropolitan area.

3. Plaintiff **BROOKE MARCOTTE** was previously employed by Nexstar, including throughout 2020.

4. During February 2020, Plaintiff applied for a Weekday Evening Anchor position at Fox 4. Defendant refused to hire Plaintiff because she is not African American/Black.

5. Plaintiff demands a trial by jury and seeks all available relief, including actual and punitive damages, costs, expenses, fees, interest, and equitable relief.

## PARTIES

6. Plaintiff is an adult residing in Kansas. Plaintiff's race is Caucasian and White.

7. In 2014, Plaintiff became employed at KSNT News in Topeka, Kansas, and was employed there until 2022. During 2017, Nexstar acquired KSNT, and at that time Plaintiff became an employee of Nexstar.

8. Plaintiff remained employed by Defendant until approximately March 2022.

9. Plaintiff had an employment contract with Defendant.

10. Defendant is a corporation that is registered and authorized to do business in Missouri. Defendant does continuous and substantial business in Missouri, in that Defendant has owned and operated Fox 4 since Fall, 2019.

## VENUE

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in Kansas City, Missouri, which is within this Court's judicial district.

12. Plaintiff applied for employment with Defendant in Kansas City, Missouri, and Defendant's decision not to hire Plaintiff for that job occurred in Kansas City, Missouri.

## JURISDICTION

13. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

## PARTICULARS

14. Defendant Nexstar acquired Fox 4 in Fall, 2019.

15. When Nexstar acquired Fox 4, Plaintiff was already employed by Nexstar at a different station.

16. On October 21, 2019, a Weekday Evening Anchor at Fox 4 submitted her resignation.

17. The employee who resigned from the Weekday Evening Anchor position is African American and/or Black.

18. After Nexstar posted the job opening for the Weekday Evening Anchor position at Fox 4, Plaintiff applied.

19. On February 13, 2020, Plaintiff submitted a resume and cover letter to Sean McNamara. At that time, McNamara was employed by Nexstar as the News Director of Fox 4, where he remains employed.

20. Plaintiff was qualified for the Weekday Evening Anchor position.

21. Plaintiff was able to perform all the required duties of the Weekday Evening Anchor position.

22. Nexstar's News Director Sean McNamara decided not to hire Plaintiff for the Weekday Evening Anchor position.

23. When News Director McNamara told Plaintiff she was not being hired for, or not being considered for the position, he said, "*You're not culturally what we're looking for.*"

24. When Plaintiff asked News Director McNamara to explain what he meant, McNamara become nervous and gave an explanation that did not make sense.

25. Upon information and belief, the Station Manager of Fox 4 was also involved in deciding not to hire Plaintiff for the Weekday Evening Anchor position.

26. The News Director and Station Manager of Fox 4 were authorized by Nexstar to make hiring decisions for on-air positions, including the Weekday Evening Anchor position.

27. Defendant did not give Plaintiff an opportunity to read for the Weekday Evening Anchor position, which was an opportunity offered to African American/Black candidates.

28. The Weekday Evening Anchor position remained vacant until June, 2020.

29. The person Nexstar hired to fill the Weekday Evening Anchor position is African American and/or Black.

30. Defendant's hiring decision for the Weekday Evening Anchor position was based on race, and Defendant limited its consideration to African American/Black candidates.

31. A different Nexstar employee ("MM") who is not African American/Black also expressed interest the Weekday Evening Anchor position. MM was not considered or selected for the position based on her race. MM is Asian American/Filipino.

32. On or about December 30, 2019, MM's agent spoke with News Director Sean McNamara to express MM's interest in the position. In response, McNamara said he was looking for a "*different demographic*" and that he needed "*diversity*."

33. On or about January 16, 2020, MM spoke to News Director Sean McNamara to express her interest in the position. In response, McNamara said she was the "*wrong minority*."

34. News Director McNamara told another anchor employed at Fox 4 by Nexstar that he was only going to hire an African American or Black anchor for the Weekday Evening Anchor position.

35. News Director McNamara told another Director-level employee of Nexstar at Fox 4 that he was only going to hire African American to fill the Weekday Evening Anchor position.

36. Plaintiff is not African American or Black.

37. Plaintiff was not hired for the Weekday Evening Anchor position.

38. At all times alleged, the individuals alleged to have engaged in unlawful activity were agents of Defendant acting within the scope and course of their agency, were taking actions authorized by virtue of their position with Defendant, or Defendant ratified their actions. Therefore, Defendant is liable for the unlawful and wrongful conduct alleged herein.

## COUNT I
## DISCRIMINATION
## 42 U.S.C. § 1981

39. Plaintiff incorporates by reference all other paragraphs in this *Complaint*.

40. Plaintiff was an employee of Defendant.

41. Plaintiff had contractual rights, interests, and obligations with Defendant as a contract employee.

42. Plaintiff applied for the Fox 4 Weekday Evening Anchor position with Defendant

43. Defendant did not sincerely consider Plaintiff for the Weekday Evening Anchor position. Defendant would have sincerely considered Plaintiff for the Weekday Evening Anchor position but-for Plaintiff's race.

44. Defendant did not give Plaintiff the opportunity to read for the Weekday Evening Anchor position. Defendant would have given Plaintiff the opportunity to read for the position but for Plaintiff's race.

45. Defendant did not extend Plaintiff the same opportunities it extended to other candidates who applied for the position who were African American and/or Black. Plaintiff would have extended the same opportunities it extended to other candidates who applied for the position but for Plaintiff's race.

46. Defendant did not hire Plaintiff for the Weekday Evening Anchor position. Defendant would have hired Plaintiff but for Plaintiff's race.

47. Defendant's conduct alleged above directly caused Plaintiff to suffer damages.

48. Defendant's conduct was malicious or recklessly indifferent to Plaintiff's right to be free from discrimination in employment and in negotiating contractual relationships.

WHEREFORE, Plaintiff prays for Judgment against Defendant, finding Defendant discriminated against her in violation of 42 U.S.C. § 1981 and awarding Plaintiff actual and punitive damages, costs, fees, expenses, interest, and all other legal and equitable relief the Court may grant.

*Respectfully submitted by:*

/s/ *Kenneth D. Kinney*
Kenneth D. Kinney – MO #67435
Thomas F. Ralston – MO #61052
**RALSTON KINNEY, LLC**
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
TEL: (816) 298-0086
FAX: (816) 298-9455
Email: ken@rklawllc.com
Email: tom@rklawllc.com

/s/ *Dennis E. Egan*
Dennis E. Egan – MO #27449
**THE POPHAM LAW FIRM, PC**
712 Broadway, Suite 100
Kansas City, MO 64105
Telephone: (816) 221-2288
Fax: (816) 221-3999
Email: degan@popham.com

**ATTORNEYS FOR PLAINTIFF**