IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BROOKE MARCOTTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 24-cv-108-SRB |
| v. | ) |
| | ) |
| NEXSTAR BROADCASTING, INC. | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Nexstar Broadcasting, Inc.'s ("Nexstar") Renewed Motion to Dismiss or Stay the Case and Compel Arbitration. (Doc. #17.) On July 9, 2024, the Court presided over oral arguments on the pending motion. For the reasons discussed below, the motion is GRANTED IN PART and DENIED IN PART.[1]

Nexstar is a media corporation that owns many local networks, including Kansas City, Missouri's Fox4 station. Plaintiff Brooke Marcotte ("Plaintiff") worked as an on-the-air reporter for Nexstar's Topeka, Kansas broadcast station. As part of that position, she signed a "Performer Employment Agreement" ("Agreement") that contained a "Binding Arbitration" provision stating that "[Nexstar] and [Plaintiff] agree to resolve any and all disputes or claims related in any manner whatsoever to this Agreement and/or to Performer's Employment . . . by binding arbitration[.]" (Doc. #18-1, pp. 3, 10). While working in the Topeka position, Plaintiff applied

---

[1] In its reply brief, Nexstar states that due to the Supreme Court's recent decision in *Smith v. Spirrizzi*, 601 U.S. ___ (2024), it is "limit[ing] its requested relief to a stay of the current proceedings in conjunction with an Order compelling the parties to arbitration." (Doc. #27, p. 1.) Therefore, the Court does consider Nexstar to be requesting an Order dismissing the case. However, for sake of consistency with how Nexstar originally named the motion, the Court denies its request to dismiss the case.

for the Weekday Evening Anchor position at Nexstar's Fox4 station in Kansas City, Missouri. Plaintiff was not selected for the Kansas City position.

On May 10, 2024, Plaintiff filed an amended complaint against Nexstar alleging that the Fox4 News Director stated that "he would only consider someone who is African American/Black for the Weekday Evening Anchor position." (Doc. #15, p. 4.) Plaintiff is Caucasian. As a result, Plaintiff alleges that Nexstar discriminated against her in violation of 42 U.S.C. § 1981.

On May 15, 2024, Nexstar filed the instant motion arguing that Plaintiff "agreed to resolve all employment-related disputes by binding arbitration the American Arbitration Association ('the AAA')" and that "[t]his Court is also prohibited from analyzing issues of arbitrability as the parties clearly and unmistakable intended the arbitrator to decide those." (Doc. #18, pp. 1, 8.) Plaintiff disagrees and argues that "the Arbitration Clause and Delegation Clause within the Agreement are not binding contracts." (Doc. #21, pp. 2.) The parties' arguments are discussed below.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–4, governs arbitration provisions in contracts involving interstate commerce. Under the FAA, when a purported arbitration agreement is challenged, district courts have the limited role of determining "1) whether the agreement for arbitration was validly made and 2) whether the arbitration agreement applies to the dispute at hand, i.e., whether the dispute *falls within the scope* of the arbitration agreement." *Unison Co., Ltd. v. Juhl Energy Dev., Inc.*, 789 F.3d 816, 818 (8th Cir. 2015) (emphasis in original) (quoting *Indus. Wire Prods., Inc. v. Costco Wholesale Corp.*, 576 F.3d 516, 520 (8th Cir. 2009)).

First, the Court rejects Plaintiff's argument that the arbitration agreement was not validly made.[2]  Under Texas law,[3] "[t]he elements of a valid contract, including agreements to arbitrate, are: (1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding." *Wright v. Hernandez*, 469 S.W.3d 744, 756 (Tex. App. 2015).  Further, "the fact that a party has signed a contract creates a 'strong presumption' that the party has assented to the terms of an agreement." *Id.* (quoting *In re Bunzl USA, Inc.*, 155 S.W.3d 202, 209 (Tex. App. 2004).  Finally, "[a]n arbitration clause is not illusory unless one party can avoid its promise to arbitrate by amending the provision or terminating it altogether." *In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010).

Here, the Agreement is evidence of Nexstar's offer to Plaintiff, and Plaintiff's signature is evidence of her acceptance and assent to the Agreement's terms, including the arbitration provision.  Further, the Court agrees with Nexstar that "the Agreement is supported by valid consideration" because Plaintiff "was subject to an employment agreement of a definite term, with the option to renew[.]"  (Doc. #18, p. 6.)  Therefore, the Agreement, including the arbitration provision, form a valid contract.

The Court rejects Plaintiff's argument that "[t]he Agreement gave Nexstar the unilateral right to amend the terms of Plaintiff's Employment" and therefore, the arbitration provision is "illusory" and "unenforceable."  (Doc. #21, pp. 3, 5.)  Plaintiff points to the following language in Paragraph 1 the Agreement in support of her position:

---

[2] The parties do not appear to dispute that the FAA governs the arbitration provision at issue.

[3] The parties agreed to a Texas choice of law provision in the Agreement and rely on federal and Texas caselaw in their briefing.

3

> Except as otherwise specifically set forth herein, [Plaintiff's] employment with [Nexstar] will be governed by the policies and procedures set forth in [Nexstar's] Employee Handbook, as may be amended from time to time, and [Plaintiff] agrees to comply with all such policies and procedures.

(Doc. #18-1, p. 3.)

However, while this clause provides that Nexstar may amend the Employee Handbook, it says nothing about Nexstar's ability to unilaterally amend the arbitration provision. Given that clause appears under "Positions and Duties[,]" it is logical for Nexstar to reference the Employee Handbook that may contain additional guidelines for Plaintiff's employment. (Doc. #18-1, p. 3.) Plaintiff provides no evidence that the Employee Handbook itself incorporates the arbitration clause, allowing Nexstar to unliterally amend the terms of that provision. The Court agrees with Nexstar that this clause "provides no indication that the parties intended a wholesale incorporation of the [Employee Handbook] into the employment contract, let alone as to the binding arbitration agreement." (Doc. #27, p. 3.) The lack of reference to Paragraph 1 in the arbitration provision further emphasizes this lack of incorporation.

Ultimately, "where an employer cannot avoid its promise to arbitrate by amending a[n] [arbitration] provision or terminating it altogether, the dispute resolution plan is not illusory." *IHS Acquisition No. 131, Inc. v. Iturralde*, 387 S.W.3d 785, 792 (Tex. App. 2012); *see also In re 24R, Inc.*, 324 S.W.3d at 568 ("[t]he arbitration agreement is a stand-alone contract that . . . does not incorporate the employee policy manual . . . [and,] [t]herefore, the contract is not illusory.) Plaintiff's arguments to the contrary are rejected.

Second, the Court finds that the arbitration provision contains a valid delegation clause requiring that the "[q]uestions of arbitrability (that is whether an issue is subject to arbitration under this agreement) shall be decided by the arbitrator." (Doc. #18-1, p. 11.) "When faced with a delegation provision, courts have no discretion but to compel arbitration unless the clause's

validity is challenged on legal or public policy grounds." *Taylor Morrison of Texas, Inc. v. Skufca*, 650 S.W.3d 660, 674 (Tex. App. 2021) (quoting *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 121 (Tex. 2018)). Here, Plaintiff made no additional arguments for why the delegation provision is invalid besides those the Court has already rejected regarding whether the arbitration provision is unenforceable. Therefore, the Court also rejects those arguments under the context of the delegation clause. As such, the Court is required to compel arbitration.

Accordingly, it is hereby ORDERED that Nexstar's Renewed Motion to Dismiss or Stay the Case and Compel Arbitration (Doc. #17) is GRANTED only to the extent that Nexstar requests an Order compelling arbitration and staying the case. The motion is DENIED to extent it asks for an Order dismissing the case. It is hereby ORDERED that this case is STAYED pending the completion of arbitration proceedings. Further, the parties are hereby ORDERED to provide a joint status report every sixty (60) days from the date of this Order.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
JUDGE STEPHEN R. BOUGH
UNITED STATES DISTRICT COURT

Dated: July 10, 2024